**FILED**
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ OCT 0 2 2019 ★

BROOKLYN OFFICE

NS:EAG/MEF
F. # 2018R01021

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

    - against -

JOSEPH AMATO,
JOSEPH AMATO JR.,
JOHN CAHILL,
DANIEL CAPALDO,
    also known as "The Wig" and "Shrek,"
PRIMO CASSARINO,
CHRISTOPHER COFFARO,
JOHN DUNN,
PHILIP LOMBARDO,
JOSEPH MARRA,
    also known as "Joe Fish,"
ALBERT MASTERJOSEPH,
DOMINICK RICIGLIANO,
    also known as "The Lion,"
THOMAS SCORCIA,
ANTHONY SILVESTRO,
    also known as "Bugz,"
VINCENT SCURA,
    also known as "Vinny Linen,"
KRENAR SUKA and
JOHN TUCCIARONE,

                Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - X

S U P E R S E D I N G
I N D I C T M E N T

Cr. No. <u>19-442 (S-1)(ILG)</u>
(T. 18, U.S.C., §§ 371, 892(a),
  894(a)(1), 981(a)(1)(C), 1084(a), 1349,
  1951(a), 1952(a)(3)(A), 1955(a),
  1955(d), 1959(a)(4), 1962(c), 1963,
  1963(a), 1963(m), 2261A(2)(B),
  2261(b)(5), 2 and 3551 <u>et seq.</u>; T. 21,
  U.S.C., §§ 841(a)(1), 841(b)(1)(D),
  846, 853(a) and 853(p); T. 28, U.S.C.,
  § 2461(c))

THE GRAND JURY CHARGES:

## INTRODUCTION

    At all times relevant to this Superseding Indictment, unless otherwise

indicated:

## The Enterprise

1.      The Colombo organized crime family of La Cosa Nostra, including its members and associates, constituted an "enterprise," as defined in Title 18, United States Code, Section 1961(4), that is, a group of individuals associated in fact (hereinafter, the "Colombo crime family" and the "enterprise").   Thsce enterprise constituted an ongoing organization whose members functioned as a continuing unit for a common purpose of achieving the objectives of the enterprise.   The Colombo crime family engaged in, and its activities affected, interstate and foreign commerce.   The Colombo crime family was an organized criminal group that operated in the Eastern District of New York and elsewhere.

2.      La Cosa Nostra operated through organized crime families.   Five of these crime families – the Bonanno, Colombo, Gambino, Genovese and Luchese crime families – were headquartered in New York City and supervised criminal activity in New York, in other areas of the United States and, in some instances, in other countries.   Another crime family, the Decavalcante crime family, operated principally in New Jersey, but from time to time also in New York City.

3.      The ruling body of La Cosa Nostra, known as the "Commission," consisted of leaders from each of the crime families.   The Commission convened from time to time to decide certain issues affecting all of the crime families, such as rules governing crime family membership.

4.      The Colombo crime family had a hierarchy and structure.   The head of the Colombo crime family was known as the "boss."   The Colombo crime family boss was assisted by an "underboss" and a counselor known as a "consigliere."   Together, the boss, underboss and consigliere were the crime family's "administration."   With the assistance of

the underboss and consigliere, the boss was responsible for, among other things, setting policy and resolving disputes within and between La Cosa Nostra crime families and other criminal groups.   The administration further supervised, supported, protected and disciplined the lower-ranking participants in the crime family.   In return for their supervision and protection, the administration received part of the illegal earnings generated by the crime family.   Members of the Colombo crime family served in an "acting" rather than "official" capacity in the administration on occasion due to another administration member's incarceration or ill health, or for the purpose of seeking to insulate another administration member from law enforcement scrutiny.   Further, on occasion, the Colombo crime family was overseen by a "panel" of crime family members that did not include the boss, underboss and/or consigliere.

5.   Below the administration of the Colombo crime family were numerous "crews," also known as "regimes" and "decinas."   Each crew was headed by a "captain," also known as a "skipper," "caporegime" and "capodecina."   Each captain's crew consisted of "soldiers" and "associates."   The captain was responsible for supervising the criminal activities of his crew and providing the crew with support and protection.   In return, the captain often received a share of the crew's earnings.

6.   Only members of the Colombo crime family could serve as a boss, underboss, consigliere, captain or soldier.   Members of the crime family were referred to on occasion as "goodfellas" or "wiseguys," or as persons who had been "straightened out" or who had their "button."   Associates were individuals who were not members of the crime family, but who nonetheless engaged in criminal activity for, and under the protection of, the crime family.

7.     Many requirements existed before an associate could become a member of the Colombo crime family.   The Commission of La Cosa Nostra from time to time limited the number of new members who could be added to a crime family.   An associate was also required to be proposed for membership by an existing crime family member. When the crime family's administration considered the associate worthy of membership, the administration then circulated the proposed associate's name on a list given to other La Cosa Nostra crime families, which the other crime families reviewed and either approved or disapproved.   Unless there was an objection to the associate's membership, the crime family then "inducted," or "straightened out," the associate as a member of the crime family in a secret ceremony.   During the ceremony, the associate, among other things, swore allegiance for life to the crime family above all else, even the associate's own family; swore, on penalty of death, never to reveal the crime family's existence, criminal activities and other secrets; and swore to follow all orders issued by the crime family boss, including swearing to commit murder if the boss directed it.

Methods and Means of the Enterprise

8.     The principal purpose of the Colombo crime family was to generate money for its members and associates.   This purpose was implemented by members and associates of the Colombo crime family through various criminal activities, including drug trafficking, robbery, extortion, fraud, illegal gambling and loansharking.   The members and associates of the Colombo crime family also furthered the enterprise's criminal activities by threatening economic injury and using and threatening to use physical violence, including murder.

9.      Although the primary purpose of the Colombo crime family was to generate money for its members and associates, the members and associates at times used the resources of the family to settle personal grievances and vendettas, sometimes without the approval of higher-ranking members of the family.   For those purposes, members and associates of the enterprise were asked and expected to carry out, among other crimes, acts of violence, including murder and assault.

10.      The members and associates of the Colombo crime family engaged in conduct designed to prevent government detection of their identities, their illegal activities and the location of proceeds of those activities.   That conduct included a commitment to murdering persons, particularly members or associates of organized crime families, who were perceived as potential witnesses against members and associates of the enterprise.

11.      Members and associates of the Colombo crime family often coordinated criminal activity with members and associates of other organized crime families.

<u>The Racketeering Defendants</u>

12.      The defendant JOSEPH AMATO was a captain and soldier within the Colombo crime family.

13.      The defendants DANIEL CAPALDO, also known as "The Wig" and "Shrek," and THOMAS SCORCIA were soldiers and associates within the Colombo crime family.

14.      The defendants JOSEPH AMATO JR. and ANTHONY SILVESTRO, also known as "Bugz," were associates within the Colombo crime family.

## COUNT ONE
### (Racketeering)

15.     The allegations contained in paragraphs one through 14 are realleged and incorporated as if fully set forth in this paragraph.

16.     In or about and between January 2014 and September 2019, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants JOSEPH AMATO, JOSEPH AMATO JR., DANIEL CAPALDO, also known as "The Wig" and "Shrek," THOMAS SCORCIA and ANTHONY SILVESTRO, also known as "Bugz," together with others, being persons employed by and associated with the Colombo crime family, an enterprise that engaged in, and the activities of which affected, interstate and foreign commerce, did knowingly and intentionally conduct and participate, directly and indirectly, in the conduct of the affairs of that enterprise through a pattern of racketeering activity, as defined in Title 18, United States Code, Sections 1961(1) and 1961(5), consisting of the racketeering acts set forth below.

## RACKETEERING ACT ONE
### (Extortionate Extension of Credit – John Doe #1)

17.     In or about and between July 2014 and June 2019, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant THOMAS SCORCIA, together with others, did knowingly and intentionally make one or more extortionate extensions of credit to John Doe #1, an individual whose identity is known to the Grand Jury, in violation of Title 18, United States Code, Sections 892(a) and 2.

### RACKETEERING ACT TWO
(Extortionate Extension of Credit – John Doe #2)

18.     In or about and between 2015 and June 2019, both dates being

approximate and inclusive, within the Eastern District of New York and elsewhere, the

defendant THOMAS SCORCIA, together with others, did knowingly and intentionally make

one or more extortionate extensions of credit to John Doe #2, an individual whose identity is

known to the Grand Jury, in violation of Title 18, United States Code, Sections 892(a) and 2.

### RACKETEERING ACT THREE
(Extortionate Extension of Credit – John Doe #3)

19.     In or about and between 2015 and June 2019, both dates being

approximate and inclusive, within the Eastern District of New York and elsewhere, the

defendant THOMAS SCORCIA, together with others, did knowingly and intentionally make

one or more extortionate extensions of credit to John Doe #3, an individual whose identity is

known to the Grand Jury, in violation of Title 18, United States Code, Sections 892(a) and 2.

### RACKETEERING ACT FOUR
(Extortion – John Doe #4)

20.     In or about August 2018, within the Eastern District of New York and

elsewhere, the defendant JOSEPH AMATO, together with others, did knowingly and

intentionally steal property by extortion, in that the defendant and others obtained property,

to wit: a lease, gambling paraphernalia, future revenue from the gambling customer accounts

of John Doe #4, an individual whose identity is known to the Grand Jury, and commercial

goodwill amassed by John Doe #4, by compelling and inducing another person, to wit: John

Doe #4, to deliver such property by instilling in such person a fear that, if the property were

not so delivered, the defendant and others would (1) cause physical injury to one or more

persons in the future, and (2) cause damage to property, in violation of New York Penal Law

Sections 155.40(2), 155.05(2)(e)(i), 155.05(2)(e)(ii) and 20.00.

RACKETEERING ACT FIVE
(Illegal Gambling – Poker and Blackjack Games)

21.     In or about and between October 2018 and September 2019, both dates

being approximate and inclusive, within the Eastern District of New York and elsewhere, the

defendants JOSEPH AMATO and JOSEPH AMATO JR., together with others, did

knowingly and intentionally conduct, finance, manage, supervise, direct and own part of an

illegal gambling business, to wit: a gambling business involving Poker and Blackjack games,

which operated in violation of the laws of New York State, to wit: New York Penal Law

Sections 225.05 and 20.00, which involved five or more persons who conducted, financed,

managed, supervised, directed and owned part of such business and which remained in

substantially continuous operation for one or more periods in excess of 30 days and had a

gross revenue of at least $2,000 in any single day, in violation of Title 18, United States

Code, Sections 1955(a) and 2.

RACKETEERING ACT SIX
(Extortion Conspiracy/Extortion – John Doe #5)

22.     The defendant JOSEPH AMATO committed the following acts, any

one of which alone constitutes Racketeering Act Six:

A.     Extortion Conspiracy

23.     In or about and between November 2018 and January 2019, both dates

being approximate and inclusive, within the Eastern District of New York and elsewhere, the

defendant JOSEPH AMATO, together with others, did knowingly and intentionally conspire

to steal property by extortion, in that the defendant and others agreed to obtain property, to

wit: money, by compelling and inducing another person, to wit: John Doe #5, an individual whose identity is known to the Grand Jury, to deliver such property by instilling in such person a fear that, if the property were not so delivered, the defendant and others would (1) cause physical injury to one or more persons in the future, and (2) cause damage to property, in violation of New York Penal Law Sections 155.40(2), 155.05(2)(e)(i), 155.05(2)(e)(ii) and 105.10.

B.    Extortion

24.    In or about and between November 2018 and January 2019, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant JOSEPH AMATO, together with others, did knowingly and intentionally steal property by extortion, in that the defendant and others obtained property, to wit: money, by compelling and inducing another person, to wit: John Doe #5, to deliver such property by instilling in such person a fear that, if the property were not so delivered, the defendant and others would (1) cause physical injury to one or more persons in the future, and (2) cause damage to property, in violation of New York Penal Law Sections 155.40(2), 155.05(2)(e)(i), 155.05(2)(e)(ii) and 20.00.

C.    Hobbs Act Extortion Conspiracy

25.    In or about and between November 2018 and January 2019, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant JOSEPH AMATO, together with others, did knowingly and intentionally conspire to obstruct, delay and affect commerce, and the movement of articles and commodities in commerce, by extortion, in that the defendant and others agreed to obtain property, to wit: money, from John Doe #5, with his consent, which consent was to be induced by wrongful

use of actual and threatened force, violence and fear, in violation of Title 18, United States Code, Section 1951(a).

     D.     <u>Attempted Hobbs Act Extortion</u>

     26.     In or about and between November 2018 and January 2019, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant JOSEPH AMATO, together with others, did knowingly and intentionally attempt to obstruct, delay and affect commerce, and the movement of articles and commodities in commerce, by extortion, in that the defendant and others attempted to obtain property, to wit: money, from John Doe #5, with his consent, which consent was to be induced by wrongful use of actual and threatened force, violence and fear, in violation of Title 18, United States Code, Sections 1951(a) and 2.

RACKETEERING ACT SEVEN<br>(Transmission of Wagering Information)

     27.     In or about and between December 2018 and September 2019, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant JOSEPH AMATO JR., together with others, being engaged in the business of betting and wagering, did knowingly and intentionally use one or more wire communication facilities for the transmission in interstate and foreign commerce of information assisting in the placing of bets and wagers on one or more sporting events and contests, in violation of Title 18, United States Code, Sections 1084(a) and 2.

RACKETEERING ACT EIGHT
(Extortionate Extension of Credit Conspiracy/
Extortionate Extension of Credit – John Doe #6)

28.     The defendants JOSEPH AMATO and JOSEPH AMATO JR.

committed the following acts, either one of which alone constitutes Racketeering Act Eight.

A.     Extortionate Extension of Credit Conspiracy

29.     In or about December 2018, within the Eastern District of New York

and elsewhere, the defendants JOSEPH AMATO and JOSEPH AMATO JR., together with

others, did knowingly and intentionally conspire to make one or more extortionate extensions

of credit to John Doe #6, an individual whose identity is known to the Grand Jury, in

violation of Title 18, United States Code, Section 892(a).

B.     Extortionate Extension of Credit

30.     In or about December 2018, within the Eastern District of New York

and elsewhere, the defendants JOSEPH AMATO and JOSEPH AMATO JR., together with

others, did knowingly and intentionally make one or more extortionate extensions of credit to

John Doe #6, in violation of Title 18, United States Code, Sections 892(a) and 2.

RACKETEERING ACT NINE
(Extortion Conspiracy/Extortion – John Doe #7 and John Doe #8)

31.     The defendants JOSEPH AMATO, JOSEPH AMATO JR., DANIEL

CAPALDO and THOMAS SCORCIA committed the following acts, either one of which

alone constitutes Racketeering Act Nine:

A.     Extortion Conspiracy

32.     In or about and between December 2018 and January 2019, both dates

being approximate and inclusive, within the Eastern District of New York and elsewhere, the

defendants JOSEPH AMATO, JOSEPH AMATO JR., DANIEL CAPALDO and THOMAS

SCORCIA, together with others, did knowingly and intentionally conspire to steal property

by extortion, in that the defendants and others agreed to obtain property, to wit: the right to

collect a debt and the debt itself, by compelling and inducing other persons, to wit: John Doe

#7 and John Doe #8, individuals whose identities are known to the Grand Jury, to deliver

such property by instilling in such persons a fear that, if the property were not so delivered,

the defendants and others would (1) cause physical injury to one or more persons in the

future, and (2) cause damage to property, in violation of New York Penal Law Sections

155.40(2), 155.05(2)(e)(i), 155.05(2)(e)(ii) and 105.10.

B.      Extortion

33.      In or about and between December 2018 and January 2019, both dates

being approximate and inclusive, within the Eastern District of New York and elsewhere, the

defendants JOSEPH AMATO, JOSEPH AMATO JR., THOMAS SCORCIA and DANIEL

CAPALDO, together with others, did knowingly and intentionally steal property by

extortion, in that the defendants and others obtained property, to wit: the right to collect a

debt and the debt itself, by compelling and inducing other persons, to wit: John Doe #7 and

John Doe #8, to deliver such property by instilling in such persons a fear that, if the property

were not so delivered, the defendants and others would (1) cause physical injury to one or

more persons in the future, and (2) cause damage to property, in violation of New York Penal

Law Sections 155.40(2), 155.05(2)(e)(i), 155.05(2)(e)(ii) and 20.00.

### RACKETEERING ACT TEN
(Extortionate Collection of Credit – John Doe #9)

34.     In or about and between January 2019 and May 2019, both dates being

approximate and inclusive, within the Eastern District of New York and elsewhere, the

defendant THOMAS SCORCIA, together with others, did knowingly and intentionally

participate in the use of extortionate means to collect and attempt to collect one or more

extensions of credit from John Doe #9, an individual whose identity is known to the Grand

Jury, in violation of Title 18, United States Code, Sections 894(a) and 2.

### RACKETEERING ACT ELEVEN
(Extortion Conspiracy/Extortion – John Doe #10)

35.     The defendants JOSEPH AMATO, DANIEL CAPALDO, THOMAS

SCORCIA and ANTHONY SILVESTRO committed the following acts, either one of which

alone constitutes Racketeering Act Eleven:

A.     Extortion Conspiracy

36.     In or about and between January 2019 and March 2019, both dates

being approximate and inclusive, within the Eastern District of New York and elsewhere, the

defendants JOSEPH AMATO, DANIEL CAPALDO, THOMAS SCORCIA and

ANTHONY SILVESTRO, together with others, did knowingly and intentionally conspire to

steal property by extortion, in that the defendants and others agreed to obtain property, to

wit: the right to collect a debt and the debt itself, by compelling and inducing another person,

to wit: John Doe #10, an individual whose identity is known to the Grand Jury, to deliver

such property by instilling in such person a fear that, if the property were not so delivered,

the defendants and others would (1) cause physical injury to one or more persons in the

future, and (2) cause damage to property, in violation of New York Penal Law Sections

155.40(2), 155.05(2)(e)(i), 155.05(2)(e)(ii) and 105.10.

> B.   Extortion

> 37.   In or about and between January 2019 and March 2019, both dates

being approximate and inclusive, within the Eastern District of New York and elsewhere, the

defendants JOSEPH AMATO, DANIEL CAPALDO, THOMAS SCORCIA and

ANTHONY SILVESTRO, together with others, did knowingly and intentionally steal

property by extortion, in that the defendants and others attempted to obtain property, to wit:

the right to collect a debt and the debt itself, by compelling and inducing another person, to

wit: John Doe #10, to deliver such property by instilling in such person a fear that, if the

property were not so delivered, the defendants and others would (1) cause physical injury to

one or more persons in the future, and (2) cause damage to property, in violation of New

York Penal Law Sections 155.40(2), 155.05(2)(e)(i), 155.05(2)(e)(ii), 110.00 and 20.00.

RACKETEERING ACT TWELVE
(Extortionate Extension of Credit Conspiracy/
Extortionate Extension of Credit – John Doe #6)

> 38.   The defendants JOSEPH AMATO JR. and ANTHONY SILVESTRO

committed the following acts, either one of which alone constitutes Racketeering Act

Twelve.

> A.   Extortionate Extension of Credit Conspiracy

> 39.   In or about February 2019, within the Eastern District of New York and

elsewhere, the defendants JOSEPH AMATO JR. and ANTHONY SILVESTRO, together

with others, did knowingly and intentionally conspire to make one or more extortionate

extensions of credit to John Doe #6, in violation of Title 18, United States Code, Section 892(a).

      B.    Extortionate Extension of Credit

         40.    In or about February 2019, within the Eastern District of New York and elsewhere, the defendants JOSEPH AMATO JR. and ANTHONY SILVESTRO, together with others, did knowingly and intentionally make one or more extortionate extensions of credit to John Doe #6, in violation of Title 18, United States Code, Sections 892(a) and 2.

RACKETEERING ACT THIRTEEN
(Extortionate Collection of Credit – John Doe #11)

         41.    In or about and between March 2019 and May 2019, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant THOMAS SCORCIA, together with others, did knowingly and intentionally participate in the use of extortionate means to collect and attempt to collect one or more extensions of credit from John Doe #11, an individual whose identity is known to the Grand Jury, in violation of Title 18, United States Code, Sections 894(a)(1) and 2.

RACKETEERING ACT FOURTEEN
(Extortionate Collection of Credit – John Doe #12)

         42.    In or about and between March 2019 and July 2019, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant THOMAS SCORCIA, together with others, did knowingly and intentionally participate in the use of extortionate means to collect and attempt to collect one or more extensions of credit from John Doe #12, an individual whose identity is known to the Grand Jury, in violation of Title 18, United States Code, Sections 894(a) and 2.

         (Title 18, United States Code, Sections 1962(c), 1963 and 3551 et seq.)

## COUNT TWO
(Extortionate Extension of Credit – John Doe #1)

43.     In or about and between July 2014 and June 2019, both dates being
approximate and inclusive, within the Eastern District of New York and elsewhere, the
defendant THOMAS SCORCIA, together with others, did knowingly and intentionally make
one or more extortionate extensions of credit to John Doe #1.

(Title 18, United States Code, Sections 892(a), 2 and 3551 et seq.)

## COUNT THREE
(Extortionate Extension of Credit – John Doe #2)

44.     In or about and between 2015 and June 2019, both dates being
approximate and inclusive, within the Eastern District of New York and elsewhere, the
defendant THOMAS SCORCIA, together with others, did knowingly and intentionally make
one or more extortionate extensions of credit to John Doe #2.

(Title 18, United States Code, Sections 892(a), 2 and 3551 et seq.)

## COUNT FOUR
(Extortionate Extension of Credit – John Doe #3)

45.     In or about and between 2015 and June 2019, both dates being
approximate and inclusive, within the Eastern District of New York and elsewhere, the
defendant THOMAS SCORCIA, together with others, did knowingly and intentionally make
one or more extortionate extensions of credit to John Doe #3.

(Title 18, United States Code, Sections 892(a), 2 and 3551 et seq.)

## COUNT FIVE
(Interstate Stalking – Jane Doe)

46.     The allegations contained in paragraphs one through 12 are realleged
and incorporated as if fully set forth in this paragraph.

47.     On or about and between January 1, 2015 and October 21, 2016, both

dates being approximate and inclusive, within the Eastern District of New York and

elsewhere, the defendant JOSEPH AMATO, together with others, did knowingly and

intentionally use (i) an interactive computer service, electronic communication service and

electronic communication system of interstate commerce, and (ii) a facility of interstate

commerce to engage in a course of conduct that caused, attempted to cause and would be

reasonably expected to cause substantial emotional distress to Jane Doe, an individual whose

identity is known to the Grand Jury, with the intent to harass and place under surveillance

with the intent to harass Jane Doe.

(Title 18, United States Code, Sections 2261A(2)(B), 2261(b)(5), 2 and

3551 et seq.)

### COUNT SIX
(Interstate Stalking – Jane Doe)

48.     The allegations contained in paragraphs one through 12 are realleged

and incorporated as if fully set forth in this paragraph.

49.     On or about and between May 8, 2017 and May 18, 2017, both dates

being approximate and inclusive, within the Eastern District of New York and elsewhere, the

defendant JOSEPH AMATO, together with others, did knowingly and intentionally use (i) an

interactive computer service, electronic communication service and electronic

communication system of interstate commerce, and (ii) a facility of interstate commerce to

engage in a course of conduct that caused, attempted to cause and would be reasonably

expected to cause substantial emotional distress to Jane Doe, with the intent to harass and place under surveillance with the intent to harass Jane Doe.

(Title 18, United States Code, Sections 2261A(2)(B), 2261(b)(5), 2 and 3551 et seq.)

## COUNT SEVEN
(Conspiracy to Distribute Marijuana)

50.     In or about and between January 2018 and March 2019, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants JOSEPH AMATO JR. and CHRISTOPHER COFFARO, together with others, did knowingly and intentionally conspire to distribute and possess with intent to distribute a controlled substance, which offense involved a substance containing marijuana, a Schedule I controlled substance, contrary to Title 21, United States Code, Section 841(a)(1).

(Title 21, United States Code, Sections 846 and 841(b)(1)(D); Title 18, United States Code, Sections 3551 et seq.)

## COUNT EIGHT
(Distribution of Marijuana)

51.     In or about and between January 2018 and March 2019, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants JOSEPH AMATO JR. and CHRISTOPHER COFFARO, together with others, did knowingly and intentionally distribute and possess with intent to distribute a controlled substance, which offense involved a substance containing marijuana, a Schedule I controlled substance.

(Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(D); Title 18, United States Code, Sections 2 and 3551 et seq.)

## COUNT NINE
(Transmission of Wagering Information)

52.     In or about and between September 2018 and February 2019, both

dates being approximate and inclusive, within the Eastern District of New York and

elsewhere, the defendant ALBERT MASTERJOSEPH, together with others, being engaged

in the business of betting and wagering, did knowingly and intentionally use one or more

wire communication facilities for the transmission in interstate and foreign commerce of

information assisting in the placing of bets and wagers on one or more sporting events and

contests.

(Title 18, United States Code, Sections 1084(a), 2 and 3551 et seq.)

## COUNT TEN
(Illegal Gambling – Poker and Blackjack Games)

53.     In or about and between October 2018 and September 2019, both dates

being approximate and inclusive, within the Eastern District of New York and elsewhere, the

defendants JOSEPH AMATO, JOSEPH AMATO JR., JOHN CAHILL and JOHN

TUCCIARONE, together with others, did knowingly and intentionally conduct, finance,

manage, supervise, direct and own part of an illegal gambling business, to wit: a gambling

business involving Poker and Blackjack games, which operated in violation of the laws of

New York State, to wit: New York Penal Law Sections 225.05 and 20.00, which involved

five or more persons who conducted, financed, managed, supervised, directed and owned

part of such business and which remained in substantially continuous operation for one or more periods in excess of 30 days and had a gross revenue of at least $2,000 in any single day.

(Title 18, United States Code, Sections 1955(a), 2 and 3551 et seq.)

### COUNT ELEVEN
(Conspiracy to Violate Travel Act– John Doe #5)

54.     In or about and between November 2018 and January 2019, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants JOSEPH AMATO and PHILIP LOMBARDO, together with others, did knowingly and willfully conspire to use, and cause the use of, one or more facilities in interstate commerce, with intent to promote, manage, establish, carry on and facilitate the promotion, management, establishment and carrying on of an unlawful activity, to wit: extortion, in violation of New York Penal Law Sections 155.40(2), 155.05(2)(e)(i), 155.05(2)(e)(ii) and 20.00, and thereafter perform such promotion, management, establishment, carrying on and facilitation of the promotion, management, establishment and carrying on of such unlawful activity, contrary to Title 18, United States Code, Section 1952(a)(3)(A).

55.     In furtherance of the conspiracy and to effect its objects, within the Eastern District of New York and elsewhere, the defendants JOSEPH AMATO and PHILIP LOMBARDO, together with others, committed and caused to be committed, among others, the following:

## OVERT ACTS

(a)      In or about and between November 2018 and December 2018, both dates being approximate and inclusive, PHILIP LOMBARDO called John Doe #5; and

(b)      On or about December 20, 2018, PHILIP LOMBARDO met with John Doe #5.

(Title 18, United States Code, Sections 371 and 3551 et seq.)

### COUNT TWELVE
(Travel Act Extortion – John Doe #5)

56.      In or about and between November 2018 and January 2019, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants JOSEPH AMATO and PHILIP LOMBARDO, together with others, did knowingly and intentionally use, and cause the use of, one or more facilities in interstate commerce, with intent to promote, manage, establish, carry on and facilitate the promotion, management, establishment and carrying on of an unlawful activity, to wit: extortion, in violation of New York Penal Law Sections 155.40(2), 155.05(2)(e)(i), 155.05(2)(e)(ii) and 20.00, and thereafter did perform and attempt to perform such promotion, management, establishment, carrying on and facilitation of the promotion, management, establishment and carrying on of such unlawful activity.

(Title 18, United States Code, Sections 1952(a)(3)(A), 2 and 3551 et seq.)

### COUNT THIRTEEN
(Hobbs Act Extortion Conspiracy – John Doe #5)

57.      In or about and between November 2018 and January 2019, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants JOSEPH AMATO and PHILIP LOMBARDO, together with others, did

knowingly and intentionally conspire to obstruct, delay and affect commerce, and the

movement of articles and commodities in commerce, by extortion, in that the defendants and

others agreed to obtain property, to wit: money, from John Doe #5, with his consent, which

consent was to be induced by wrongful use of actual and threatened force, violence and fear.

(Title 18, United States Code, Sections 1951(a) and 3551 et seq.)

## COUNT FOURTEEN
(Attempted Hobbs Act Extortion – John Doe #5)

58.     In or about and between November 2018 and January 2019, both dates

being approximate and inclusive, the defendants JOSEPH AMATO and PHILIP

LOMBARDO, together with others, did knowingly and intentionally attempt to obstruct,

delay and affect commerce, and the movement of articles and commodities in commerce, by

extortion, in that the defendants and others attempted to obtain property, to wit: money, from

John Doe #5, with his consent, which consent was to be induced by wrongful use of actual

and threatened force, violence and fear.

(Title 18, United States Code, Sections 1951(a), 2 and 3551 et seq.)

## COUNT FIFTEEN
(Extortionate Extension of Credit Conspiracy – John Doe #6)

59.     In or about December 2018, within the Eastern District of New York

and elsewhere, the defendants JOSEPH AMATO, JOSEPH AMATO JR., PRIMO

CASSARINO and JOHN DUNN, together with others, did knowingly and intentionally

conspire to make one or more extortionate extensions of credit to John Doe #6.

(Title 18, United States Code, Sections 892(a) and 3551 et seq.)

## COUNT SIXTEEN
(Extortionate Extension of Credit – John Doe #6)

60.    In or about December 2018, within the Eastern District of New York

and elsewhere, the defendants JOSEPH AMATO, JOSEPH AMATO JR., PRIMO

CASSARINO and JOHN DUNN, together with others, did knowingly and intentionally

make one or more extortionate extensions of credit to John Doe #6.

(Title 18, United States Code, Sections 892(a), 2 and 3551 et seq.)

## COUNT SEVENTEEN
(Extortionate Collection of Credit Conspiracy – John Doe #6)

61.    In or about and between December 2018 and July 2019, both dates

being approximate and inclusive, within the Eastern District of New York and elsewhere, the

defendants PRIMO CASSARINO and JOHN DUNN, together with others, did knowingly

and intentionally conspire to use extortionate means to collect and attempt to collect one or

more extortionate extensions of credit from John Doe #6.

(Title 18, United States Code, Sections 894(a) and 3551 et seq.)

## COUNT EIGHTEEN
(Extortionate Collection of Credit – John Doe #6)

62.    In or about and between December 2018 and July 2019, both dates

being approximate and inclusive, within the Eastern District of New York and elsewhere, the

defendants PRIMO CASSARINO and JOHN DUNN, together with others, did knowingly

and intentionally use extortionate means to collect and attempt to collect one or more

extortionate extensions of credit from John Doe #6.

(Title 18, United States Code, Sections 894(a), 2 and 3551 et seq.)

COUNT NINETEEN
(Transmission of Wagering Information)

63.     In or about and between December 2018 and September 2019, both

dates being approximate and inclusive, within the Eastern District of New York and

elsewhere, the defendants JOSEPH AMATO JR. and PRIMO CASSARINO, together with

others, being engaged in the business of betting and wagering, did knowingly and

intentionally use one or more wire communication facilities for the transmission in interstate

and foreign commerce of information assisting in the placing of bets and wagers on one or

more sporting events and contests.

(Title 18, United States Code, Sections 1084(a), 2 and 3551 et seq.)

COUNT TWENTY
(Threat to Commit Crime of Violence – John Doe #13)

64.     At all times relevant to this Indictment, the Colombo crime family, as

more fully described in paragraphs one through 11, which are realleged and incorporated as

if fully set forth herein, including its leadership, membership and associates, constituted an

"enterprise" as defined in Section 1959(b)(2) of Title 18, United States Code, that is, a group

of individuals associated in fact that was engaged in, and the activities of which affected,

interstate and foreign commerce.   The enterprise constituted an ongoing organization whose

members functioned as a continuing unit for a common purpose of achieving the objectives

of the enterprise.

65.     At all times relevant to this Indictment, the Colombo crime family,

through its members and associates, engaged in racketeering activity, as defined in Title 18,

United States Code, Sections 1959(b)(1) and 1961(1), that is, acts and threats involving

gambling and extortion, that are chargeable under New York Penal Law and punishable by

imprisonment for more than one year, and acts indictable under Title 18, United States Code,
Sections 892 (extortionate extension of credit), 894 (extortionate collection of credit), 1084
(transmission of wagering information), 1952 (Travel Act) and 1951 (Hobbs Act extortion).

66.     On or about December 7, 2018, within the Eastern District of New
York, the defendants JOSEPH AMATO, JOSEPH AMATO JR. and ANTHONY
SILVESTRO, also known as "Bugz," for the purpose of gaining entrance to and maintaining
and increasing position in the Colombo crime family, an enterprise engaged in racketeering
activity, did knowingly and intentionally threaten to commit a crime of violence against John
Doe #13, an individual whose identity is known to the Grand Jury, in that the defendants
threatened and caused others to threaten to cause physical injury to John Doe #13, in
violation of New York Penal Law Sections 120.00(1) and 20.00, all in violation of New York
Penal Law Sections 120.14(2) and 20.00 (menacing in the second degree) and 135.60(1),
110.00 and 20.00 (attempted coercion in the second degree).

(Title 18, United States Code, Sections 1959(a)(4), 2 and 3551 et seq.)

COUNT TWENTY-ONE
(Extortionate Collection of Credit – John Doe #9)

67.     In or about and between January 2019 and May 2019, both dates being
approximate and inclusive, within the Eastern District of New York and elsewhere, the
defendant THOMAS SCORCIA, together with others, did knowingly and intentionally
participate in the use of extortionate means to collect and attempt to collect one or more
extensions of credit from John Doe #9.

(Title 18, United States Code, Sections 894(a), 2 and 3551 et seq.)

## COUNT TWENTY-TWO
(Conspiracy to Violate Travel Act – John Doe #10)

68.     In or about and between January 2019 and March 2019, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants JOSEPH AMATO, DANIEL CAPALDO, also known as "The Wig" and "Shrek," ALBERT MASTERJOSEPH, THOMAS SCORCIA, ANTHONY SILVESTRO, also known as "Bugz," and KRENAR SUKA, together with others, did knowingly and willfully conspire to use, and cause the use of, one or more facilities in interstate commerce, with intent to promote, manage, establish, carry on and facilitate the promotion, management, establishment and carrying on of an unlawful activity, to wit: extortion, in violation of New York Penal Law Sections 155.40(2), 155.05(2)(e)(i), 155.05(2)(e)(ii) and 20.00, and thereafter perform such promotion, management, establishment, carrying on and facilitation of the promotion, management, establishment and carrying on of such unlawful activity, contrary to Title 18, United States Code, Section 1952(a)(3)(A).

69.     In furtherance of the conspiracy and to effect its objects, within the Eastern District of New York and elsewhere, the defendants JOSEPH AMATO, DANIEL CAPALDO, ALBERT MASTERJOSEPH, THOMAS SCORCIA, ANTHONY SILVESTRO and KRENAR SUKA, together with others, committed and caused to be committed, among others, the following:

## OVERT ACTS

(a)     On or about January 28, 2019, JOSEPH AMATO and THOMAS SCORCIA met at a location in Staten Island;

(b)     On or about January 29, 2019, ALBERT MASTERJOSEPH, THOMAS SCORCIA and ANTHONY SILVESTRO met at a location in Brooklyn;

(c)     On or about January 29, 2019, THOMAS SCORCIA, ANTHONY SILVESTRO and KRENAR SUKA met at a location in Staten Island;

(d)     On or about January 30, 2019, THOMAS SCORCIA and KRENAR SUKA went to a parking lot in the vicinity of the Woodrow Diner in Staten Island;

(e)     On or about February 2, 2019, THOMAS SCORCIA, ANTHONY SILVESTRO and ALBERT MASTERJOSEPH met in Staten Island; and

(f)     On or about February 2, 2019, THOMAS SCORCIA, ANTHONY SILVESTRO and ALBERT MASTERJOSEPH went to John Doe #10's residence.

(Title 18, United States Code, Sections 371 and 3551 et seq.)

## COUNT TWENTY-THREE
(Travel Act Violation – John Doe #10)

70.     In or about and between January 2019 and March 2019, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants JOSEPH AMATO, DANIEL CAPALDO, also known as "The Wig" and "Shrek," ALBERT MASTERJOSEPH, THOMAS SCORCIA, ANTHONY SILVESTRO, also known as "Bugz," and KRENAR SUKA, together with others, did knowingly and intentionally use, and cause the use of, one or more facilities in interstate commerce, with intent to promote, manage, establish, carry on and facilitate the promotion, management, establishment and carrying on of an unlawful activity, to wit: extortion, in violation of New

York Penal Law Sections 155.40(2), 155.05(2)(e)(i), 155.05(2)(e)(ii) and 20.00, and

thereafter did perform and attempt to perform such promotion, management, establishment,

carrying on and facilitation of the promotion, management, establishment and carrying on of

such unlawful activity.

(Title 18, United States Code, Sections 1952(a)(3)(A), 2 and 3551 et seq.)

## COUNT TWENTY-FOUR
(Extortionate Extension of Credit Conspiracy – John Doe #6)

71.    In or about February 2019, within the Eastern District of New York and

elsewhere, the defendants JOSEPH AMATO JR., PRIMO CASSARINO and

ANTHONY SILVESTRO, also known as "Bugz," together with others, did knowingly and

intentionally conspire to make one or more extortionate extensions of credit to John Doe #6.

(Title 18, United States Code, Sections 892(a) and 3551 et seq.)

## COUNT TWENTY-FIVE
(Extortionate Extension of Credit – John Doe #6)

72.    In or about February 2019, within the Eastern District of New York and

elsewhere, the defendants JOSEPH AMATO JR., PRIMO CASSARINO and ANTHONY

SILVESTRO, also known as "Bugz," together with others, did knowingly and intentionally

make one or more extortionate extensions of credit to John Doe #6.

(Title 18, United States Code, Sections 892(a), 2 and 3551 et seq.)

## COUNT TWENTY-SIX
(Extortionate Collection of Credit Conspiracy – John Doe #11)

73.    In or about and between March 2019 and May 2019, both dates being

approximate and inclusive, within the Eastern District of New York and elsewhere, the

defendants ALBERT MASTERJOSEPH and THOMAS SCORCIA, together with others, did

knowingly and intentionally conspire to participate in the use of extortionate means to collect and attempt to collect one or more extensions of credit from John Doe #11.

(Title 18, United States Code, Sections 894(a)(1) and 3551 et seq.)

### COUNT TWENTY-SEVEN
(Extortionate Collection of Credit – John Doe #11)

74.     In or about and between March 2019 and May 2019, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants ALBERT MASTERJOSEPH and THOMAS SCORCIA, together with others, did knowingly and intentionally participate in the use of extortionate means to collect and attempt to collect one or more extensions of credit from John Doe #11.

(Title 18, United States Code, Sections 894(a)(1), 2 and 3551 et seq.)

### COUNT TWENTY-EIGHT
(Extortionate Collection of Credit Conspiracy)

75.     In or about and between March 2019 and July 2019, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants THOMAS SCORCIA and DOMINICK RICIGLIANO, also known as "The Lion," together with others, did knowingly and intentionally conspire to participate in the use of extortionate means to collect and attempt to collect one or more extensions of credit from one or more individuals.

(Title 18, United States Code, Sections 894(a)(1) and 3551 et seq.)

## COUNT TWENTY-NINE
(Extortionate Collection of Credit – John Doe #12)

76.     In or about and between March 2019 and July 2019, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant THOMAS SCORCIA, together with others, did knowingly and intentionally participate in the use of extortionate means to collect and attempt to collect one or more extensions of credit from John Doe #12.

(Title 18, United States Code, Sections 892(a), 2 and 3551 et seq.).

## COUNT THIRTY
(Extortionate Collection of Credit – John Doe #14)

77.     In or about and between April 2019 and July 2019, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants THOMAS SCORCIA and VINCENT SCURA, also known as "Vinny Linen," together with others, did knowingly and intentionally participate in the use of extortionate means to collect and attempt to collect one or more extensions of credit from John Doe #14, an individual whose identity is known to the Grand Jury.

(Title 18, United States Code, Sections 894(a)(1), 2 and 3551 et seq.)

## COUNT THIRTY-ONE
(Conspiracy to Commit Wire Fraud)

78.     In or about May 2019, within the Eastern District of New York and elsewhere, the defendants DANIEL CAPALDO, also known as "The Wig" and "Shrek," JOSEPH MARRA, also known as "Joe Fish," and THOMAS SCORCIA, together with others, did knowingly and intentionally conspire to devise a scheme and artifice to defraud Mountain Valley Indemnity Company, and to obtain money and property from it by means

of materially false and fraudulent pretenses, representations and promises, and for the

purpose of executing such scheme and artifice, to transmit and cause to be transmitted by

means of wire communication in interstate and foreign commerce writings, signs, signals,

pictures and sounds, to wit: telephone calls between New York and North Carolina and

between New York and Ohio, contrary to Title 18, United States Code, Section 1343.

(Title 18, United States Code, Sections 1349 and 3551 et seq.)

### CRIMINAL FORFEITURE ALLEGATION AS TO COUNT ONE

79.     The United States hereby gives notice to the defendants charged in

Count One that, upon their conviction of such offense, the government will seek forfeiture in

accordance with Title 18, United States Code, Section 1963(a), which requires any person

convicted of such offense to forfeit: (a) any interest the person acquired or maintained in

violation of Title 18, United States Code, Section 1962; (b) any interest in, security of, claim

against, or property or contractual right of any kind affording a source of influence, over any

enterprise which the person has established, operated, controlled, conducted or participated

in the conduct of, in violation of Title 18, United States Code, Section 1962; and (c) any

property constituting, or derived from, any proceeds which the person obtained, directly or

indirectly, from racketeering activity in violation of Title 18, United States Code, Section

1962.

80.     If any of the above-described forfeitable property, as a result of any act

or omission of said defendants:

(a)     cannot be located upon the exercise of due diligence;

(b)     has been transferred or sold to, or deposited with, a third party;

(c)     has been placed beyond the jurisdiction of the court;

(d)     has been substantially diminished in value; or

(e)     has been commingled with other property which cannot be

divided without difficulty;

it is the intent of the United States, pursuant to Title 18, United States Code, Section

1963(m), to seek forfeiture of any other property of said defendants up to the value of the

forfeitable property described in this forfeiture allegation.

(Title 18, United States Code, Sections 1963(a) and 1963(m))

## CRIMINAL FORFEITURE ALLEGATION AS TO COUNTS TWO THROUGH FOUR, NINE AND ELEVEN THROUGH THIRTY-ONE

81.     The United States hereby gives notice to the defendants charged in

Counts Two through Four, Nine and Eleven through Thirty-One that, upon their conviction

of any such offenses, the government will seek forfeiture in accordance with Title 18, United

States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), which

require any person convicted of such offenses to forfeit any property, real or personal,

constituting, or derived from, proceeds obtained directly or indirectly as a result of such

offenses.

82.     If any of the above-described forfeitable property, as a result of any act

or omission of said defendants:

(a)     cannot be located upon the exercise of due diligence;

(b)     has been transferred or sold to, or deposited with, a third party;

(c)     has been placed beyond the jurisdiction of the court;

(d)     has been substantially diminished in value; or

(e)     has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of said defendants up to the value of the forfeitable property described in this forfeiture allegation.

(Title 18, United States Code, Section 981(a)(1)(C); Title 21, United States Code, Section 853(p); Title 28, United States Code, Section 2461(c))

## CRIMINAL FORFEITURE ALLEGATION AS TO COUNTS SEVEN AND EIGHT

83.     The United States hereby gives notice to the defendants charged in Counts Seven and Eight that, upon their conviction of such offenses, the government will seek forfeiture in accordance with Title 21, United States Code, Section 853(a), which requires any person convicted of such offenses to forfeit: (a) any property constituting, or derived from, any proceeds obtained directly or indirectly as the result of such offenses; and (b) any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such offenses.

84.     If any of the above-described forfeitable property, as a result of any act or omission of said defendants:

(a)     cannot be located upon the exercise of due diligence;

(b)     has been transferred or sold to, or deposited with, a third party;

(c)     has been placed beyond the jurisdiction of the court;

(d)     has been substantially diminished in value; or

(e)     has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of said defendants up to the value of the forfeitable property described in this forfeiture allegation.

(Title 21, United States Code, Sections 853(a) and 853(p))

CRIMINAL FORFEITURE ALLEGATION
AS TO COUNT TEN

85.    The United States hereby gives notice to the defendants charged in Count Ten that, upon their conviction of such offense, the government will seek forfeiture in accordance with (a) Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), which require any person convicted of such offense to forfeit any property constituting, or derived from, proceeds obtained directly or indirectly as a result of such offense; and (b) Title 18, United States Code, Section 1955(d), which provides for the forfeiture of any property, including money, used in violation of Title 18, United States Code, Section 1955.

86.    If any of the above-described forfeitable property, as a result of any act or omission of said defendants:

(a)    cannot be located upon the exercise of due diligence;

(b)    has been transferred or sold to, or deposited with, a third party;

(c)    has been placed beyond the jurisdiction of the court;

(d)    has been substantially diminished in value; or

(e)    has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of said defendants up to the value of the forfeitable property described in this forfeiture allegation.

(Title 18, United States Code, Sections 981(a)(1)(C) and 1955(d); Title 21, United States Code, Section 853(p); Title 28, United States Code, Section 2461(c))

A TRUE BILL

_____
FOREPERSON

_____
RICHARD P. DONOGHUE
UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK

F. #  2018R01021

FORM DBD-34
JUN. 85

No.

# UNITED STATES DISTRICT COURT

EASTERN *District of* NEW YORK

CRIMINAL DIVISION

## THE UNITED STATES OF AMERICA

*vs.*

*JOSEPH AMATO, et al.*

Defendants.

## INDICTMENT

(T. 18, U.S.C., §§ 1962(c), 1963, 1963(a), 1963(m) and 3551 et seq.)

*A true bill.*

_____
                                                            *Foreperson*

*Filed in open court this* _____ *day,*

*of* _____ *A.D. 20* _____

_____
                                                            *Clerk*

*Bail, $* _____

_____

*Elizabeth Geddes and Megan Farrell, Assistant U.S. Attorneys (718) 254-6430/6448*